USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/21

**EMERGENCY MOTION-COVID-19 OUTBREAK**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

*[handwritten: 4/22/21. The motion to reconsider is DENIED.]*

**UNITED STATES OF AMERICA,**

**Plaintiff,**

-against-                                    **No. 10 Cr. 431 (CM)**

**RODNEY JOHNSON,**

**Defendant.**
-------------------------------------------------------x

### DEFENDANT'S MOTION TO RECONSIDER THE APRIL 1, 2021 ORDER DENYING COMPASSIONATE RELEASE-18 U.S.C. 3582 (c)(1)(A), BROUGHT UNDER S.D.N.Y. LOCAL CIVIL RULES 6.3

**NOW COMES** Defendant, RODNEY JOHNSON, appearing *pro se*, and respectfully moves this Honorable Court to reconsider its April 1, 2021 Order to denying his pro se Emergency Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A), in accordance with Rule 6.3.

### I.    Legal Standard.

The standard for reconsideration under Rule 6.3 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Tranps. Inc., 70 F.3d 255, 257 (2d Cir. 1995).*

Reconsideration is not an invitation for parties "to treat the court's initial decision as the opening of dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." _de los Santos v. Fingerson, No. 97 Civ. 3972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1990)_. The motion "cannot [and this motion does not] assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered." _Koehler v. Bank of Bermuda Ltd., No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)_. Thus, reconsideration under Local Civil Rule 6.3 is available only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available evidence. _Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)_

Here, Defendant submits that the Court overlooked at least two critically essential 18 U.S.C. 3553(a) factors when it decided the motion for compassionate release. Factors which, had they been considered, would almost certainly have changed the outcome of the proceedings, lest a clear abuse of discretion be demonstrated. The Court's failure to consider such factors warrants, as a matter of law, reconsideration to prevent a complete miscarriage of justice.

-2-

## II.    Discussion.

In denying Defendant's motion for compassionate release, the Court neglected to consider the parsimony clause of Section 3553(a) which directs that a court impose a sentence "sufficient, but not greater than necessary" to achieve the goals of sentencing. As the Court observed, Defendant suffers from underlying COVID-19 risk factors. The current conditions of confinement – an ever-increasing coronavirus outbreak – presents an imminent threat of death or serious bodily injury to this Defendant. His continued confinement, thus, renders his sentence "greater than necessary" to achieve the goals of sentencing, since the goals of sentencing do not encompass confining prisoners under conditions that threaten their safety and well-being. To be sure, Congress has issued a directive that the Bureau of Prisons provide prisoners with "suitable quarters," "safekeeping," "care," and "protection." 18 U.S.C. 4042(a)(2) and (3). Had Congress envisioned that prisoners, such as this Defendant, could not be provided such, it would never have authorized the imposition of a term of imprisonment.

-3-

Suffice it to say, times have changed. The Bureau of Prisons is completely unable to adhere to the mandate issued by Congress. Thus, the sentence currently being served is "greater than necessary," and the Court failed to even discuss this critical Section 3553(a) factor in its April 1, 2021. Nevertheless, the oversight warrants reconsideration given the importance of considering whether the sentence is currently "greater than necessary," even if it was not so when initially imposed.

Finally, the Court also failed to consider at least more factor that counsels in favor of immediate release. Section 3553(a)(2)(D) directs a court to consider the ability of a defendant to received medical care in the "most effective manner." Had the Court considered this factor, it would also have had to take into account the three prisoners who died after contracting the deadly virus at F.C.I. Fort Dix. Those inmates, all of whom recently died (between January and March) were unable to receive medical care in both a timely and effective manner. It should also be noted that each of them sought compassionate release. Two had been denied compassionate release, subsequently contracted the virus, and perished. One inmate had been admitted to the hospital, and his motion was granted while he lay dying, attached to a ventilator. He never recovered.

-4-

Consideration of the Section 3553(a)(2)(D) factor compels release in this case. The Court is free to issue an order of release, with a condition of home confinement for the period of supervised release. Thus, any perceived danger to the community would be sufficiently addressed thereby.

It also bears noting that, despite misinformation provided to the Court in these proceedings, F.C.I. Fort Dix consists of only dormitory-style housing units. Thus, inmates who become infected cannot be, and are not, isolated from the general inmate population. The internal design of the facility simply does not permit such isolation or quarantine. Hence, the uncontrollable and continuously worsening COVID-19 outbreak. Further, as the Bureau of Prisons continues to transfer inmates into F.C.I. Fort Dix, stemming the spread of the disease, and preventing the death of even more prisoners is impossible.

## CONCLUSION

It is abundantly clear that the Court overlooked factors that counsels in favor of granting the motion for compassionate release.

-5-

WHEREFORE, Defendant prays that this Court will grant this motion and reconsider and vacate April 1, 2021.

Dated: April 11, 2021
    Fort Dix, New Jersey

Respectfully submitted,

*Rodney Johnson*

RODNEY JOHNSON
REG. NO. 90556-054
F.C.I. FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of this motion has been mailed to the U.S. Attorney's Office for the Southern District of New York at One Saint Andrews Plaza, New York, New York 10007, on this 11th day of April, 2021.

*Rodney Johnson*

**RODNEY JOHNSON**

-6-